IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN DIEMONE HARRIS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-1552-H |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Kevin Diemone Harris, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

On March 27, 2002, petitioner pled guilty to aggravated assault with a deadly weapon and two enhancement paragraphs alleged in the indictment. The trial court deferred an adjudication of guilt and placed petitioner on community supervision for a period of 10 years. No appeal was taken at that time. Thereafter, the state filed a motion to proceed with an adjudication of guilt after petitioner used cocaine and marijuana while on supervision. At a hearing held on March 28, 2003, the trial court found petitioner guilty of the underlying offense, revoked his community supervision, and sentenced him to 45 years confinement. A subsequent appeal was dismissed for want of jurisdiction. *Harris v. State*, No. 05-03-00704-CR, 2004 WL 49350 (Tex. App.--Dallas, Jan. 12, 2004, no pet.). Petitioner also filed an application for state post-conviction relief. The application

was denied without written order. *Ex parte Harris*, No. 62,122-01 (Tex. Crim. App. Jun. 8, 2005). Petitioner then filed this action in federal court.

II.

Petitioner challenges his original guilty plea and subsequent probation revocation in multiple grounds for relief. Succinctly stated, petitioner contends that: (1) his plea was coerced and involuntary; (2) the indictment was invalid; (3) the prosecutor failed to disclose evidence favorable to the defense; (4) he received ineffective assistance of counsel; (5) he was not afforded due process at his probation revocation hearing; and (6) the evidence was insufficient to establish a probation violation.

As part of his answer, respondent argues that this case is barred by the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner addressed the limitations issue in a reply filed on December 22, 2005. The court now determines that this case should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable

>to cases on collateral review; or
>
>(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction relief or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). In addition, the AEDPA statute of limitations is subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner pled guilty to aggravated assault with a deadly weapon, enhanced by two prior felony convictions, and was placed on deferred adjudication community supervision for a period of 10 years. The deferred adjudication order was entered on March 29, 2002, and no appeal was taken at that time. A year later, on March 28, 2003, the trial court revoked petitioner's community supervision, found him guilty of the underlying offense, and sentenced him to 45 years confinement. Petitioner appealed that judgment on the sole ground that he received ineffective assistance of counsel at his original plea hearing. On January 12, 2004, the court of appeals dismissed petitioner's appeal as untimely, holding that "[a] defendant placed on deferred adjudication probation may raise issues relating to the original plea proceedings only in appeals taken when deferred adjudication probation is first imposed." *Harris*, 2004 WL 49350 at *1 (citations omitted). This same ground for relief, together with the other claims petitioner now asserts in his federal writ, were raised in an application for state post-conviction relief filed on October 12, 2004. The application was denied without written order on June 8, 2005. Petitioner filed this action in federal court on July 31, 2005.

The statute of limitations on petitioner's claims challenging the validity of his guilty plea

started to run on April 29, 2002--30 days after the deferred adjudication order was entered.[1] TEX. R. APP. P. 26.2(a) (notice of appeal in criminal case must be filed within 30 days after sentence is imposed); *see also Caldwell v. Dretke*, 429 F.3d 521, 530 (5th Cir. 2005) (order placing defendant on deferred adjudication community supervision is a final judgment for purposes of the AEDPA statute of limitations). With respect to the claims relating to petitioner's probation revocation hearing, the limitations period commenced on the date petitioner could have discovered the factual predicate of those claims through the exercise of due diligence. That occurred on March 28, 2003, the date his probation was revoked. Yet petitioner waited more than one year before seeking post-conviction relief in state or federal court.

In an attempt to excuse this delay, petitioner points out that he appealed the judgment revoking his probation on April 18, 2003. The appeal was dismissed for want of jurisdiction on January 12, 2004. If AEDPA limitations period does not begin to run until the date petitioner's state appeal was dismissed, then his federal writ is timely.[2] The Fifth Circuit has held that a timely-filed state appeal constitutes "direct review" under 28 U.S.C. § 2244(d)(1)(A), even though the appeal is later dismissed for want of jurisdiction. *Foreman v. Dretke*, 383 F.3d 366, 440 (5th Cir. 2004). However, unlike *Foreman*, petitioner's appeal, which challenged only his original guilty plea and not his probation revocation, was dismissed as "untimely." *See Harris*, 2004 WL 49350 at *1. The holding in *Foreman* is limited to the specific facts presented in that case--"merely that Foreman's *timely-filed* appeal was direct review." *Foreman*, 383 F.3d at 341 (emphasis added). Because petitioner did not timely appeal the order placing him on deferred adjudication and never appealed

---

[1] The 30th day after judgment was entered fell on Sunday, April 28, 2002. As a result, petitioner had until the following Monday, April 29, 2002, to file a notice of appeal. *See* TEX. R. APP. P. 4.1(a).

[2] Petitioner is entitled to statutory tolling from October 12, 2004 to June 8, 2005, a period of 239 days, while his state writ was pending. *See* 28 U.S.C. § 2244(d)(2).

the order revoking his probation, the limitations period was not tolled during the pendency of his untimely appeal. The court therefore concludes that this case is time-barred and should be dismissed.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 30, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE